IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LARRY J. NIXON**                                                                                                      **PLAINTIFF**

v.                                **CIVIL NO.: 2:11-cv-2059**

**DANIEL SHUE,**
*Prosecutor, 12th Judicial District*;
and **PROFESSOR JIM CHRISTIANSEN,**
*University of Arkansas, Fort Smith*                                 **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

Larry Nixon (Plaintiff), a resident of Charleston, Arkansas, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. ECF Nos. 1, 2. Now before the Court is the Motion to Dismiss, filed by the Plaintiff. ECF No. 4. Defendants have not yet been served in this matter.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss, ECF No. 4, be **GRANTED**.

    **I.**     **BACKGROUND**

Plaintiff alleges in his Complaint that he sent professors Christiansen, a Defendant herein, and Belcher, a non-party, 5 or 6 letters over the summer of 2010. ECF No. 1. Plaintiff states he gave these professors "physics which proves Einstein's General Theory of Relativity wrong." *Id.* There was no reply to him from the professors, except a letter from the Prosecuting Attorney for the 12th Judicial District, Daniel Shue. *Id.* Plaintiff alleges he was harassed, and his First Amendment rights were taken away. *Id.*

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 41(a) allows plaintiffs a limited, rather than absolute, right to obtain a voluntary dismissal. A plaintiff may voluntarily dismiss without prejudice, and without a Court Order, "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." FED.R.CIV.P. 41(a)(1)(A)(i). As Defendants have yet to be served or to answer in this matter, dismissal under 41 (a)(1)(A)(i) is appropriate for the Defendants in this action.

## III.   DISCUSSION

As stated above, Plaintiff may obtain a dismissal, without a Court Order, by filing a notice of dismissal before the opposing parties serve an Answer, as is the case in this matter. Therefore, it is the recommendation of the undersigned that Plaintiff's Motion to Dismiss, ECF No. 4, be granted.

## IV.   CONCLUSION

Accordingly, **I RECOMMEND the Motion to Dismiss, ECF No. 4, be GRANTED, for the forgoing reasons, and this matter dismissed without prejudice.** I further recommend that all other pending motions in this matter be terminated upon any adoption of this Report and Recommendation.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of May 2011.**

/s/ *J. Marschewski*
JAMES R. MARSCHEWSKI
U.S. MAGISTRATE JUDGE